UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-2077** |
| **JOHN D. CHESTEEN, JR.** | **SECTION: "B"(2)** |

## ORDER, REASONS, & JUDGMENT

Before the Court are: Appellant United States of America's notice of appeal (Rec. Doc. 1); Appellant's brief (Rec. Doc. 6); Appellee John D. Chesteen, Jr.'s brief (Rec. Doc. 7); Appellant's reply brief (Rec. Doc. 8); Appellee's notice of supplemental authority (Rec. Doc. 9); Appellant's response to notice of supplemental authority (Rec. Doc. 11); and Appellant's notice of supplemental authority (Rec. Doc. 12).

Appellant Internal Revenue Service ("IRS"), seeks to have Appellee's debt for the shared responsibility payment under the Patient Protection & Affordable Care Act declared a tax for purposes of bankruptcy. For the reasons discussed below,

**IT IS ORDERED** that the Bankruptcy Court's order denying priority status of the foregoing debt is **REVERSED** and **JUDGMENT** is hereby rendered for Appellant against Appellee.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On June 8, 2017, Appellee-Debtor John Chesteen, Jr. filed for Chapter 13 Bankruptcy Protection. *See* Rec. Doc. 2-2 at 7. The IRS

filed a proof of claim for $5,100.10 in priority debt payments. The IRS later amended that claim to $5,795.10, with $695.00 being described as an excise tax under Internal Revenue Code § 5000A for Appellee-Debtor's failure to maintain health insurance in 2016. *See id.* at 7-8. The $695.00 claim represents the shared responsibility payment under the Internal Revenue Code that is part of the Affordable Care Act ("ACA").

Appellee-Debtor objected to the portion of the IRS's claims that the shared responsibility payment of $695.00 is priority payment. *See id.* at 8-9. Appellant, on behalf of the Internal Revenue Service, responded to the objection. *See id.* at 20-27. After oral arguments, the Bankruptcy Court issued an opinion and order on February 9, 2018, sustaining the debtor's objection. *See id.* at 37-43. Specifically, the Bankruptcy Court held that the shared responsibility payment under the ACA was not a claim entitled to priority status but instead a penalty that is dischargeable in a Chapter 13 Bankruptcy case. *See id.* According to the Bankruptcy Court, the shared responsibility payment has more characteristics of a penalty in that it is meant to deter citizens from living without health insurance. *See id.* at 40.

On February 23, 2018, the United States filed a notice of appeal. *See* Rec. Doc. 1.

**LAW AND ANALYSIS**

The Bankruptcy Code, pursuant to 11 U.S.C. § 1328(a), provides for the discharge of all debts except those listed as priority claims in § 507(a). 11 U.S.C. § 507(a) list claims that have priority and are thus, not dischargeable in a Chapter 13 Bankruptcy and must be paid in full. Under 11 U.S.C. § 507(a)(8)(A)(iii), a priority tax cannot be discharged. However, pursuant to 11 U.S.C. § 523(a)(7) and 1328(a), a penalty is dischargeable.

When discussing whether a debt is a penalty or tax for purposes of the Bankruptcy Code, the creditor has the burden of proving that the claim falls within a statutory priority claim category. *Grogan v. Garner*, 498 U.S. 279 (1991) ("Creditors opposing the dischargeability of a debt must carry the burden of proof that their claims fall within a statutory exception.").

Courts analyzing a claim under the Bankruptcy Code have repeatedly held that the purpose of the tax matters and not so much the name. *See In re Hardee*, 137 F.3d 337, 341 (5th Cir. 1998). In determining whether tax is an excise tax or punitive penalty under 11 U.S.C. § 507(a)(8), "it is the purpose of the tax, not its name, which controls. While the name given by the legislative body may well be indicative of purposes . . . it is not conclusive." *U.S. v. Unsecured Creditors' Comm.*, 977 F.2d 137, 139 (4th Cir. 1992) (citing *New Jersey v. Anderson*, 203 U.S. 483 (1906)); *see also In re Unified Control Systems, Inc.*, 586 F.2d 1036, 1037 (5th

3

Cir. 1978) (considering whether an excise tax was a penalty and noting that the label given to an imposition in the Internal Revenue Code is not dispositive and must be considered in its context). However, the court in *Unified Control Systems, Inc.* also found that while looking beyond labels, labels can inform a determination. 586 F.2d at 1037. Nevertheless, courts must look to the substance of the statute to determine whether or not the statute has characteristics of a tax or a penalty.

Courts have looked at both the definition of a tax and penalty. "A tax is a pecuniary burden laid upon individuals or property for the purpose of supporting the government." *Anderson*, 203 U.S. at 492; *United States v. New York*, 315 U.S. 510, 515 (1942). On the other hand, a penalty is an "exaction imposed by statute as punishment for an unlawful act." *United States v. La Franca*, 282 U.S. 568, 572 (1931). A penalty can be seen as a punishment for an unlawful act or omission. *See U.S. v. Reorganized CF&I Fabricators of Utah, Inc.*, 518 U.S. 213, 224 (1996).

In *National Federation of Independent Business v. Sebelius*, the court first found that the individual shared responsibility payment is a penalty for purposes of the Anti-Injunction Act. 567 U.S. 519, 546 (2012). However, at the end, the court found that the mandate could be a tax for constitutional purposes. *See id.* at 575. Thus, the court determined that it is "fairly possible" that the payment is a tax. *Id.* at 574. In coming to this conclusion,

the court stated that it must view the substance and application, thus disregarding the designation of the exaction. *See id.* at 565. In doing so, the court found that the shared responsibility payment (1) is paid into the Treasury by taxpayers when they file their income tax returns; (2) does not apply to those who do not pay federal income taxes; and (3) is determined by familiar factors such as taxable income, number of dependents, and joint filing status. *See id.* at 563-564, 569. The court also notes that the process yields the essential feature of any tax by producing at least some revenue for the Government. *See id.* at 564. In addition, the amount due will be far less than the price of insurance, the statute contains no "scienter requirements," and the payment is collected solely by the IRS, the normal means of taxation. *Id.* at 566.

Here, Appellants offer that the individual shared responsibility payment is an excise tax for purposes of the Bankruptcy Code. Appellants focus heavily on the Supreme Court's ruling in *Sebelius* that the shared responsibility payment is a tax and not a penalty because it is not seen as a punishment but rather as a tax that will generate revenue for the Government.

On the other hand, Appellee-Debtor focuses on the wording of the statute and the terminology used within. According to Appellee-Debtor, the statute uses the word "penalty" eighteen times, and the word "tax" zero times. The act describes the shared

5

responsibility payment as a penalty and it will be collected and assessed in the same manner as tax penalties, such as the penalty for claiming too large an income tax refund.

While the law and courts have stated that labels and wording do not control, they do inform a determination. *Mahon*, 586 F.2d at 1037. Furthermore, the Supreme Court in *Sebelius* expressly states that Congress described this as a penalty, and "where Congress uses certain language in one part of a statute and different language in another, it is generally presumed that Congress acts intentionally." *Russello v. U.S.*, 464 U.S. 16, 23 (1983). In the statute Congress specifically used the word penalty, yet it uses the word tax throughout other parts of the act.

Nevertheless, looking beyond the labels and focusing more on the function of the individual shared responsibility payment, the payment lacks the characteristics of a penalty. The individual shared responsibility payment, despite its label as a penalty, does not punish an individual for an unlawful activity. Furthermore, this circuit has stated "an exaction having in part a deterrent effect does not make that exaction a penalty." *In re Hardee*, 137 F.3d 337, 341 (5th Cir. 1998). There is no negative consequences for someone who fails to purchase healthcare insurance or even fail to pay the fee assessed for not having insurance. According to the ACA, there can be no criminal prosecution if the person fails to pay the fee. 26 U.S.C. §

5000A(g)(2)(A). In addition, the Supreme Court in *Sebelius* found that "if someone chooses to pay rather than obtain health insurance, then they have fully complied with the law." *Sebelius*, 567 U.S. at 568.

The shared responsibility payment is less than the price of insurance, will be collected through the normal means of taxation, and contains no negative consequences except for a payment to the IRS, which is allowed in the law. Despite the fact of the use of the word penalty in the statute, the payment functions more like a tax and the process has the same essential features of any tax for constitutional purposes.

New Orleans, Louisiana, this 22nd day of February, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE